**ALD-160**                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 10-1100

———————

ARNOLD REEVES,

Appellant

v.

HARLEY LAPIN, Director of B.O.P.; D. SCOTT DODRILL,
Northeast Regional Director; WARDEN GRONDOLSKY, Warden; KNOX,
Unit Manager; RODRIGUEZ, Case Manager; WALSH, Case Manager

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 09-cv-00372)
District Judge: Honorable Robert B. Kugler

———————

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B), and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 25, 2010

Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: April 8, 2010)

———————

OPINION

———————

PER CURIAM

Arnold Reeves appeals pro se from the order of the District Court denying, inter

alia, his motion for reconsideration of its previous order dismissing his complaint. We will vacate the order dismissing his complaint and remand for further proceedings. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

## I.

Reeves is a federal prisoner. He filed pro se a complaint alleging that one of his former case managers forged his signature on a report purporting to memorialize a program review that did not occur, though he did not allege any adverse consequences as a result. He also alleged that defendants have wrongfully assigned him a security classification of "greatest severity."

By order entered May 13, 2009, the District Court dismissed the complaint under 28 U.S.C. § 1915A(b)(2) for failure to state a claim. The District Court did not allow Reeves leave to amend. Reeves then filed a motion for the appointment of counsel, apparently before receiving a copy of the District Court's order. He later filed a timely motion for reconsideration, which we construe as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. He also filed a number of other motions, including a motion to "further develop evidence," purportedly under Rule 15. In that motion, Reeves alleged that a 2006 revision of Bureau of Prisons Policy 5100.08 had discontinued the "high drugs" category that led to his "greatest severity" classification.[1]

___

[1]The policy is available at http://www.bop.gov/policy/progstat/5100_008.pdf. The District Court did not address the merits of Reeves's assertion, and we decline to do so in the first instance under the circumstances presented here. We note, however, that the

A Magistrate Judge construed that motion as one for leave to file an amended complaint. The Magistrate Judge denied it without prejudice, but granted Reeves until January 15, 2010, to file another motion attaching a proposed amended complaint. Then, by order entered December 17, 2009, the District Court denied Reeves's motion for reconsideration and other pending motions, though it did not address Reeves's motion for counsel. That same day, and before receiving the District Court's order, Reeves mailed another motion for the appointment of counsel. His motion referenced the Magistrate Judge's order and asserted that he required counsel in order to amend his complaint. The District Court did not rule on that motion. Finally, Reeves filed a timely notice of appeal after receiving a copy of the District Court's December 17 order.[2]

## II.

Reeves's appeal from the denial of his Rule 59(e) motion brings up for review the underlying order dismissing his complaint. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d

---

current policy appears to permit a classification of "greatest severity" on the basis, inter alia, of the amount of drugs involved in Reeves's initial offense. See Bureau of Prisons, Program Statement No. P5100.08, Appendix A (2006).

[2]We have jurisdiction pursuant to 28 U.S.C. § 1291. Although Reeves retained the ability to file a motion for leave to amend his complaint at the time the District Court denied his Rule 59(e) motion, that order has since become final because Reeves did not file such a motion within the time permitted. See Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). We review the denial of a Rule 59(e) motion for abuse of discretion, though we review any attendant issues of law de novo. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

1350, 1352-53 (3d Cir. 1990). We agree that Reeves's existing complaint fails to state a claim for the reasons explained by the District Court. In particular, the District Court explained that prisoners generally do not have a protected liberty interest in their security classifications and that Reeves did not allege any facts that might warrant relief in that regard. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). The District Court further explained that Reeves asserted no injury as a result of the allegedly forged report.

Procedural irregularities in the District Court, however, require that we remand for further proceedings. District courts must permit a curative amendment before dismissing a complaint unless amendment would be inequitable or futile. See Phillips v. County of Allegheny, 515 F.3d 224, 245-46 (3d Cir. 2008); Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002). In its initial opinion and order dismissing Reeves's complaint, the District Court neither granted Reeves leave to amend nor explained whether amendment would be inequitable or futile. The Magistrate Judge later granted Reeves leave to file a motion for leave to amend his complaint. Under our precedent, however, Reeves did not require leave to amend his complaint. See Phillips, 515 F.3d at 245-46. Given Reeves's pro se status, allowing him leave to seek such leave was not an adequate substitute for the unambiguous allowance of amendment as a matter of course, or an explanation why amendment would be inequitable or futile, that our precedent requires. See id.

In addition, the District Court did not address Reeves's motions for the

4

appointment of counsel. Of particular concern is Reeves's second motion, which he filed within the time the Magistrate Judge allowed him to seek leave to amend and which made specific reference to that ruling. The appointment of counsel is committed to the sound discretion of the District Court. See Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993). Thus, we will remand for the District Court to exercise that discretion here.

Accordingly, we will vacate the order of the District Court dismissing Reeves's complaint without leave to amend and remand for further proceedings. On remand, the District Court should rule on Reeves's motion for the appointment of counsel. It should then permit Reeves to file an amended complaint within a particular time and conduct such further proceedings as may be necessary.[3]

---

[3]Reeves's request for the appointment of counsel in this Court is denied. We express no opinion on the merits of Reeves's request for counsel in the District Court, and our denial of his request for counsel in this Court should not be construed as such an opinion.